AO 241 (Rev. 5/85)

# United States District Court

HABEAS CORPUS BY A PERSON IN STATE CUSTODY

District: **MASSACHUSETTS**

Name: **Brian Donohoe**

Prisoner No.: **205041**

Case No. **205041 (Appeals Crt.)**
DCKT# **0031CR4515**

Place of Confinement: **Norfolk County House of Correction, 200 West st. P.O. Box 149, DEDHAM MA. 02027**

Name of Petitioner (include name under which convicted): **BRIAN DONOHOE**

Name of Respondent (authorized person having custody of petitioner): **TAUNTON DISTRICT COURT Judge J. Baler Superintendent Norfolk County H. of C.**

V.

The Attorney General of the State of: **MASSACHUSETTS**

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: **TAUNTON DISTRICT Court 15 Court St. TAUNTON MA. 02780**

2. Date of judgment of conviction: **3-2-01 / 10-9-04**

3. Length of sentence: **3½ years probation / 2 years committed**

4. Nature of offense involved (all counts): **O.U.I. first offense (10 year look back at time - 15 years since prior)**

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☑
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐  No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐  No ☑

9.  If you did appeal, answer the following:

(a)  Name of court _____

(b)  Result _____

(c)  Date of result and citation, if known _____

(d)  Grounds raised _____

_____

(e)  If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1)  Name of court _____

(2)  Result _____

_____

(3)  Date of result and citation, if known _____

(4)  Grounds raised _____

_____

(f)  If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1)  Name of court _____

(2)  Result _____

_____

(3)  Date of result and citation, if known _____

(4)  Grounds raised _____

_____

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☑        No ☐

11.  If your answer to 10 was "yes," give the following information:

(a)  (1)  Name of court  *TAUNTON DISTRICT COURT*

(2)  Nature of proceeding  *Motion to Correct sentence*

(3)  Grounds raised  *illegal sentence, in that 3½ years of probation exceeds the 2 years allowed in M.G.L.A. c 90 § 24(1) and 24D.*
*(exhibits (1)+(2) )*

(3)

# UNITED STATES DISTRICT COURT

**ATTACHMENT 5**

_____ NORTHEAST _____    **District of**  _MASSACHUSETTS_

BRIAN DONOHOE
Plaintiff

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

V.

NORFOLK COUNTY House of Correction
TAUNTON DISTRICT COURT

CASE NUMBER: _Appeals Court #04-P-1090_
_District Court Docket # 0631CR4515_

Defendant

I _BRIAN DONOHOE_ _____ declare that I am the (check appropriate box)

petitioner/plaintiff/movant        ☐ other

the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs
.der 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the
lief sought in the complaint/petition/motion.

support of this application, I answer the following questions under penalty of perjury:

Are you currently incarcerated?        ☑ Yes        ☐ No        (If "No," go to Part 2)

If "Yes," state the place of your incarceration _Norfolk County house of Correction_

Are you employed at the institution? _NO_   Do you receive any payment from the        _____

Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six months'**
transactions.

Are you currently employed?        ☐ Yes        ☑ No

a.   If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the
     name and address of your employer.

b.   If the answer is "No," state the date of your last employment, the amount of your take-home salary or
     wages and pay period and the name and address of your last employer.

In the past 12 twelve months have you received any money from any of the following sources?

a.   Business, profession or other self-employment        ☐ Yes        ☑ No
b.   Rent payments, interest or dividends                 ☐ Yes        ☑ No
c.   Pensions, annuities or life insurance payments       ☐ Yes        ☑ No
d.   Disability or workers compensation payments          ☐ Yes        ☑ No
e.   Gifts or inheritances                                ☐ Yes        ☑ No
f.   Any other sources                                    ☐ Yes        ☑ No

If the answer to any of the above is "Yes," describe, on the following page, each source of money and state
the amount received and what you expect you will continue to receive.

(1)

E, BRIAN
ONT ST.
, MA 02780

☐ INTERPRETER REQ...

NOV 0 1 2000

☐ See back page (276 §...)

Arraigned and advised:
☐ Potential of bail revocation (276 §58)
☐ Right to bail review (276 §58)
☐ Right to drug exam (111E §10)

Advised of right to jury trial:
☐ Does not waive
☐ Waiver of jury trial after colloquy

Advised of right of appeal to Appeals Ct (R. 28)
Advised of trial rights as pro se (Supp. R. 4)

| | | |
|---|---|---|
| | SEX M | PLACE OF OFFENSE(S) TAUNTON |
| 961 | | |

Advised of right of appeal: ☐ RESTITUTION ☐ V/W ASSESSMENT ☐ WAIVED

COSTS

POLICE DEPARTMENT (if applicable)
TAUNTON PD

FINE    SURFINE

ENSE(S)
000

ZA, CHARLES                    RETURN DATE AND TIME  arrest

MPLAINT

3/6/01

Prob Sept 1, 00
Rndm. ...ed Prob
Note + from Drugst
Abs + from Alc

Random tests
Court fees ...
cert pip to I...
by prob

☐ ☐

FENSE
0/24/J OUI LIQUOR c90 §24

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation        ☐ Pretrial Probation (276 §87)      until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm.    ☐ Request of Victim
                  ☐ Request of Deft     ☐ Failure to prosecute    ☐ Other:
☐ Filed with Deft's consent              ☐ Nolle Prosequi    ☐ Decriminalized (277 §70C)

ON DATE and JUDGE  Balm

ON METHOD
ity Plea or Admission
Sufficient Facts
cepted after colloquy
nd 278 §29D warning

FINDING
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

JUDGE

COSTS    RESTITUTION    V/W ASSESSMENT  ☐ WAIVED

DATE

Bench Trial
Jury Trial
None of the Above

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

FINE    SURFINE

INT/OFFENSE
90/24/E NEGLIGENT OPERATION OF MOTOR VEHICLE c90

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation        ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm.    ☐ Request of Victim
                  ☐ Request of Deft     ☐ Failure to prosecute    ☐ Other:
☐ Filed with Deft's consent              ☐ Nolle Prosequi    ☐ Decriminalized (277 §70C)

Dism

OSITION DATE and JUDGE  Balm

OSITION METHOD
Guilty Plea or Admission
to Sufficient Facts
accepted after colloquy
and 278 §29D warning

FINDING
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

JUDGE

DATE

V/W ASSESS...

Bench Trial
Jury Trial
None of the Above

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

FINE    SURFINE    COSTS    RESTITUTION

UN... OFFENSE

COMMONWEALTH OF MASSACHUSETTS
CRIMINAL HISTORY SYSTEMS BOARD

*** PERSONS COURT SUMMARY ***

PCF: 00000
SSN: 02154...

FORMAL NAME: BRIAN
NAME: DONOHOE, BRIAN E          POB: BOSTON MA
DOB: 06/16/1961    SEX: M    RACE: W    FATHER: EUGENE
MOTHER: DONNA STAHLER
ADDRESS: 167 TREMONT ST TAUNTON MA

ALIAS:
NAME: DONOHUE, BRIAN E
FORMAL NAME: BRIAN          SEX: M    RACE:
DOB:        06/16/1961

ADULT APPEARANCES

DKT#:
111E
STA...

COURT: TAUNTON DISTRICT

ARRAIGNMENT:                PD: TAU
ARG DATE: 11/01/2000
OFF: OPERA UNDER INFLU OF LIQ
DISP: C 3/6/01  G PROB 9/1/01

Probation of persons convicted of driving under the influence; driver alcohol education program; alcohol treatment and rehabilitation programs; fees; indigents; gifts and grants; report

Case 1:04-cv-12150-NMG   Document 1   Filed 10/12/2004   Page 5 of 10

(2)

M.G.L.A. 90 § 24D

below.] ~

Any person convicted of or charged with operating a motor vehicle while under the influence of intoxicating liquor, may if such person consents, be placed on probation for not more than two years and shall, as a condition of probation, be assigned to a driver alcohol education program as provided herein and, if deemed necessary by the court, to an alcohol treatment or rehabilitation program or to both, and such person's license or right to operate shall be suspended for a period of no less than forty-five nor more than ninety days;  provided, however, that if such person was under the age of twenty-one when the offense was committed, the person's license or right to operate shall be suspended for two hundred and ten days, and such person shall be assigned to a program specifically designed by the department of public health for the education and treatment of underage drinking drivers.  Such order of probation shall be in addition to any penalties imposed as provided in subparagraph (1) of paragraph (a) of subdivision (1) of section twenty-four and shall be in addition to any requirements imposed as a condition for any suspension of sentence.  Said person shall cooperate in an investigation conducted by the probation staff of the court for supervision of cases of operating under the influence of intoxicating liquor in such manner as the commissioner of probation shall determine.  A defendant not otherwise prohibited by this section, upon conviction after a trial on the merits, shall be presumed to be an appropriate candidate for the above mentioned programs;  provided, however, that a judge who deems that the defendant is not a suitable candidate for said programs shall make such findings in writing. *There were no written findings. There was a notation on the criminal docket of 24D in the right hand margin*

M.G.L.A. 90 § 24

(2) ~~Except as provided in the provisions of section eighty-seven of chapter two hundred and seventy-nine~~ (1) and if said person has been convicted of or assigned to an alcohol or controlled substance education, treatment or rehabilitation program because of a like offense by a court of the commonwealth or any other jurisdiction preceding the commission of the offense with which he is charged.

(4) Notwithstanding the provisions of subparagraphs (1) and (2), a judge, before imposing a sentence on a defendant who pleads guilty to or is found guilty of a violation of subparagraph (1) and who has not been convicted or assigned to an alcohol or controlled substance education, treatment or rehabilitation program by a court of the commonwealth or any other jurisdiction because of a like offense two or more times of the date of the commission of the offense for which he has been convicted, shall receive a report from the probation department of a copy of the defendant's driving record, the criminal record of the defendant, if any, and such information as may be available as to the defendant's use of alcohol and may, upon a written finding that appropriate and adequate treatment is available to the defendant and the defendant would benefit from such treatment and that the safety of the public would not be endangered, with the defendant's consent place a defendant on probation for two years;  provided, however, that a condition for such probation shall be that the defendant be confined for no less than fourteen days in a residential alcohol treatment program and to participate in an out patient counseling program designed for such offenders as provided or sanctioned by the division of alcoholism, pursuant to regulations to be promulgated by said division in consultation with the department of correction and with the approval of the secretary of health and human services or at any other facility so sanctioned or regulated as may be established by the commonwealth or any political subdivision thereof for the purpose of alcohol or drug treatment or rehabilitation, and comply with all conditions of said residential alcohol treatment program.  Such condition of probation shall specify a date before which such residential alcohol treatment program shall be attended and completed.

Failure of the defendant to comply with said conditions and any other terms of probation as imposed under this section shall be reported forthwith to the court and proceedings under the provisions of section three of chapter two hundred and seventy nine shall be commenced.  In such proceedings, such defendant shall be taken before the court and if the court finds that he has failed to attend or complete the residential alcohol treatment program before the date specified in the conditions of probation, the court shall forthwith specify a second date before which such defendant shall attend or complete such program, and unless such defendant shows extraordinary and compelling reasons for such failure, shall forthwith sentence him to imprisonment for not less than two days;  provided, however, that such sentence shall not be reduced to less than two days, nor suspended, nor shall such person be eligible for furlough or receive any reduction from his sentence for good conduct until such person has served two days of such sentence; and provided, further, that

**\*11  CRIMINAL LAW ☞641.13(7)**
110    ----
110XX        TRIAL
110XX(B)        COURSE AND CONDUCT OF TRIAL IN GENERAL
110k641        Counsel for accused
110k641.13        --Adequacy of representation
110k641.13(2)        Particular cases and problems
**110k641.13(7)        -- Post-trial procedure and review**

**C.A.1 (Mass.) 1998**

Petitioner who received appropriate sentence under Sentencing Guidelines could not assert ineffective assistance of counsel claim related to sentencing phase of trial. U.S.C.A. Const.Amend. 6; U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.  *How about if inappropriate sentence?*

David v. U.S., 134 F.3d 470

**\*8  CRIMINAL LAW ☞641.13(7)**
110    ----
110XX        TRIAL
110XX(B)        COURSE AND CONDUCT OF TRIAL IN GENERAL
110k641        Counsel for accused
110k641.13        --Adequacy of representation
110k641.13(2)        Particular cases and problems
**110k641.13(7)        -- Post-trial procedure and review**

**C.A.1 (Mass.) 2001**

In a criminal case, counsel's failure to comply with a defendant's request to appeal is treated as prejudice per se for purposes of an ineffective assistance claim. U.S.C.A. Const.Amend. 6.

Hernandez v. Reno, 238 F.3d 50

**\*110k1556        CRIMINAL LAW ☞1556**
110    ----
110XXX    POST-CONVICTION RELIEF
110XXX(B)    GROUNDS FOR RELIEF
**110k1556        Sentence and punishment**

**C.A.1 (Mass.) 2002**

A Sentencing Guidelines violation, standing alone, is not automatically a basis for relief through a motion to vacate sentence; however, if such a claim is repackaged as one of ineffective assistance of counsel, it becomes a constitutional claim cognizable in a motion to vacate. U.S.C.A. Const.Amend. 6; 28 U.S.C.A. § 2255; U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

Cofske v. U.S., 290 F.3d 437

LAW OFFICE OF

# MARK S. MACHADO

944 WASHINGTON STREET — SUITE TWO

SOUTH EASTON, MASSACHUSETTS 02375-1177

TELEPHONE (508) 238-0025
FACSIMILE (508) 238-0020
E-mail: Mark@EastonLaw.net

June 16, 2004

Brian Donohoe
c/o Dedham House of Correction
P.O. Box 149
200 West Street
Dedham, MA 02027

RE: **Taunton District Court**
**Case No. 0031-CR-4515**
**Appeal of Denial of Motion to Stay Sentence**

Dear Brian:

I am in receipt of your letter and request for an explanation of sections 24(2) and 24(4) of M.G.L. Chapter 90. First, section 24(2) ~~refers to the inapplicability~~ of M.G.L. Chapter 276 section 87 "Placing **Certain Persons** in Care of Probation". This Chapter and section is used for "certain person ~~because it is the statute that is used for persons qualified for Pre-Trial probation and what 90, 24(2) is referring to there is that Pre-Trial probation does not apply.~~

Further, Chapter 90, ~~24(4) is a program (like 24D) for second, or more, offenders who plead to a second, or more offense~~ and a judge is willing to give that program which includes a 14 day inpatient treatment program plus probation up to two years. Again, these statutes are not applicable or helpful to your current situation.

I hope that I have been able to answer your questions. Lastly, you appeal on the denial of a stay of execution of this sentence is in and I have requested to be heard in that matter. My guess is that a decision will be made on the papers. In any case, I will let you know what the outcome is as soon as I hear from the Appeals Court Single Justice Session.

Sincerely,

Mark S. Machado

# GENERAL LAWS OF MASSACHUSETTS

## PART IV.
### CRIMES, PUNISHMENTS AND PROCEEDINGS IN CRIMINAL CASES

### TITLE II.
### PROCEEDINGS IN CRIMINAL CASES

**CHAPTER 276.** SEARCH WARRANTS, REWARDS, FUGITIVES FROM JUSTICE, ARREST, EXAMINATION, COMMITMENT AND BAIL. PROBATION OFFICERS AND BOARD OF PROBATION

### PROBATION OFFICERS

#### Chapter 276: Section 87 Placing certain persons in care of probation officer

Section 87. The superior court, any district court and any juvenile court may place on probation in the care of its probation officer any person before it charged with an offense or a crime for such time and upon such conditions as it deems proper, with the defendant's consent, before trial and before a plea of guilty, or in any case after a finding or verdict of guilty; provided, that, in the case of any child under the age of seventeen placed upon probation by the superior court, he may be placed in the care of a probation officer of any district court or of any juvenile court, within the judicial district of which such child resides; and provided further, that no person convicted under section twenty-two A or twenty-four B of chapter two hundred and sixty-five or section thirty-five A of chapter two hundred and seventy-two shall, if it appears that he has previously been convicted under said sections and was eighteen years of age or older at the time of committing the offense for which he was so convicted, be released on parole or probation prior to the completion of five years of his sentence.

Return to:

** Next Section ** Previous Section ** Chapter Table of Contents ** Legislative Home Page

= Highlited in origonal sent with letter

**Probation of persons convicted of driving under the influence; driver alcohol education program; alcohol treatment and rehabilitation programs; fees; indigents; gifts and grants; report**

M.G.L.A. 90 § 24D

below.] >

Any person convicted of or charged with operating a motor vehicle while under the influence of intoxicating liquor, may if such person consents, be placed on probation for not more than two years and shall, as a condition of probation, be assigned to a driver alcohol education program as provided herein and, if deemed necessary by the court, to an alcohol treatment or rehabilitation program or to both, and such person's license or right to operate shall be suspended for a period of no less than forty-five nor more than ninety days; provided, however, that if such person was under the age of twenty-one when the offense was committed, the person's license or right to operate shall be suspended for two hundred and ten days, and such person shall be assigned to a program specifically designed by the department of public health for the education and treatment of underage drinking drivers. Such order of probation shall be in addition to any penalties imposed as provided in subparagraph (1) of paragraph (a) of subdivision (1) of section twenty-four and shall be in addition to any requirements imposed as a condition for any suspension of sentence. Said person shall cooperate in an investigation conducted by the probation staff of the court for supervision of cases of operating under the influence of intoxicating liquor in such manner as the commissioner of probation shall determine. A defendant not otherwise prohibited by this section, upon conviction after a trial on the merits, shall be presumed to be an appropriate candidate for the above mentioned programs; provided, however, that a judge who deems that the defendant is not a suitable candidate for said programs shall make such findings in writing.

Upon each disposition under this section, the defendant will surrender any Massachusetts drivers license or permit in his possession to the probation department of that court. The probation department will dispose of the license, and the court shall report the disposition in the case in a manner as determined by the registrar. Notwithstanding the provisions of subparagraph (1) of subdivision (2) of section 24, subparagraph (1) of paragraph (f) of subdivision (1) of section 24, and section 24P, a defendant may immediately upon entering a program pursuant to this section apply to the registrar for consideration of a limited license for hardship purposes. The registrar, at his discretion, may issue such license under such terms and conditions as he may prescribe. Any such license shall be valid for an identical 12 hour period, 7 days a week. This provision shall also apply to any other suspensions due to the same incident that may be in effect pursuant to said subparagraph (1) of paragraph (c) of subdivision (2) of section 24, said subparagraph (1) of paragraph (f) of subdivision (1) of said section 24 and section 24P of this chapter. Nothing in this section shall be construed to authorize hardship eligibility if the person is suspended or revoked, or to be suspended or revoked, under any other statute not referenced in this section, or due to any other incident. Failure of the operator to complete his obligations to the program, or remain in compliance with court probation, shall be cause for immediate revocation of the hardship license. In these and all cases where a hardship license is sought by an operator, the probation office for the court where the offender is on probation will, upon request, furnish the registry with documentation verifying the person's status with probation.

M.G.L.A. 90 § 24

(b) A conviction of a violation of subparagraph (1) of paragraph (a) shall revoke the license or right to operate of the person so convicted unless such person has not been convicted of or assigned to an alcohol or controlled substance education, treatment or rehabilitation program because of a like offense by a court of the commonwealth or any other jurisdiction preceding the date of the commission of the offense for which he has been convicted, and said person qualifies for disposition under section twenty-four D and has consented to probation as provided for in said section twenty-four D; provided, however, that no appeal, motion for new trial or exceptions shall operate to stay the revocation of the license or the right to operate. Such revoked license shall immediately be surrendered to the prosecuting officer who shall forward the same to the registrar. The court shall report immediately any revocation, under this section, of a license or right to operate to the registrar and to the police department of the municipality in which the defendant is

(5a)



# The Commonwealth of Massachusetts
## Registry of Motor Vehicles
### P.O. Box 199100. Boston, MA 02119-9100
#### www.mass.gov/rmv

Customer Service (617) 351-4500
For Help with Suspensions
Please dial (617) 351-7200

06/14/04

DONOHOE, BRIAN E
408 W WASHINGTON ST
HANSON, MA 02341-1078

DOB: 06/16/61

LICENSE NUMBER: 021546862

You are hereby notified that your license/right to operate a motor vehicle will be revoked for 4 years pursuant to MGL C.90, S.22F for being a Habitual Traffic Offender. A hearing on this matter has been scheduled for 07/14/2004. This is the only notice you will receive. This revocation will go into effect at 12:01 A.M. on 07/15/2004. You must stop operating motor vehicles at that time. A description of the offenses is noted below.

| Offense --Date-- | Offense/Location | Conviction --Date-- | Court |
|---|---|---|---|
| 09/03/03 | SPEEDING / E BRIDGEWATER | 05/25/04 | BROCKTON DISTRICT |
| 09/03/03 | REFUSE OBEY POLICE / E BRIDGEWATER | 05/25/04 | BROCKTON DISTRICT |
| 09/03/03 | LICENSE SUSPENDED / E BRIDGEWATER | 05/25/04 | BROCKTON DISTRICT |
| 09/03/03 | DWI LIQUOR / E BRIDGEWATER | 05/25/04 | BROCKTON DISTRICT |
| 03/19/03 | DRINK OPEN CONTAINER / WHITMAN | 10/03/03 | BROCKTON DISTRICT |
| 06/25/00 | LICENSE SUSPENDED / TAUNTON | 03/02/01 | TAUNTON DISTRICT |
| 11/01/00 | DWI ALCOHOL PROGRAM / TAUNTON | 03/02/01 | TAUNTON DISTRICT |

Note that the above events may be combined with other events in determining future actions.

*** Right To A Hearing ***

This hearing will be held only at the following RMV Customer Service Centers located in Brockton, Worcester, Springfield, Lawrence, and 630 Washington St., Boston, MA, 4th Floor, at 11:00 A.M. You must appear by 11:00 A.M. should you desire a hearing. Issues at hearings are limited to whether the above record is in error, or the law incorrectly applied. To challenge the accuracy of any of the above events, you must provide a certified motor vehicle abstract or finding from the court showing that the judgement is not correct. This hearing will not address whether you agree with the court finding. There is no requirement to attend the hearing if you do not meet the above conditions.

*** Reinstatement ***

No hardship or work license is authorized by law until at least one full year of this revocation period has been served, provided there is no evidence of motor vehicle operation during that time. You are notified as required by MGL C.90, S.23 that when eligible for reinstatement you must pay a fee of at least $500 for this revocation as specified by MGL C.90, S.33.

*** Right To Appeal ***

You may appeal a decision of the Registrar within 10 days of the effective date in Superior Court or to the Board of Appeal on Motor Vehicle Liability Policies and Bonds, One South Station, 5th Floor, Boston, MA 02110. You can also download an appeal application from their website at, WWW.STATE.MA.US\DOI or call them at 617-351-9710.